UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| DAREN PORTER, | CASE NO. EDCV 14-1136-GW (AJW) |
| Petitioner, | SUPPLEMENTAL REPORT AND RECOMMENDATION |
| v. | OF MAGISTRATE JUDGE |
| WARDEN, FCI-I, | |
| Respondent. | |

A report and recommendation ("report") was issued recommending that the petition be dismissed without prejudice to petitioner's ability to present his claims in a civil rights action. Petitioner filed objections to the report, arguing, in part, that due to problems with the prison's handling of mail, he never received "any mail from this Honorable Court except the Magistrate Recommendation to Dismiss." [Objections at 1]. According to petitioner, "because of this fact, petitioner has not been able to timely respond to any motion(s) prior the said recommendation." [Objections at 2].

It is not entirely clear what legal mail petitioner believes he has been denied. To the extent that petitioner is concerned that the Court has issued orders which he has not received, there is no factual

basis for such a concern. The only orders issued by the Court in this case are: (a) an order requiring respondent to file a response to the petition, issued on June 12, 2014; (b) an order granting petitioner's request for additional time to oppose respondent's motion to dismiss, issued on July 29, 2014; and (c) the report and recommendation, issued on September 16, 2014. To the extent that petitioner alleges that he did not receive respondent's motion to dismiss, his allegation is belied by the record, which includes petitioner's request for an extension of time to oppose that motion.

In a footnote, the report noted that petitioner had not filed an opposition to the motion to dismiss, and that pursuant to Local Rule 7-12, his failure provided an additional reason for dismissal. [Report at 2, n.1]. Even assuming that the arguments presented in petitioner's objections to the report had been presented in an opposition to the motion to dismiss, however, nothing alters the conclusion that petitioner's claims are not properly presented in a petition for a writ of habeas corpus.

Petitioner alleges that his claim is cognizable in a habeas corpus action because the disciplinary violation affects the duration of his confinement as it "could persuade a future Judge/Governor not to reduce or commute [his] life sentence." [Objections at 4]. The mere possibility, however, that the disciplinary violation might be detrimental to petitioner in some future decision related to his sentence is too speculative to serve as the basis for habeas corpus jurisdiction. See Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (holding that habeas jurisdiction did not exist for claims seeking relief that would invalidate state procedures used to deny eligibility and suitability for parole); Ramirez v. Galaza, 334 F.3d 850, 859 (9th

1  Cir. 2003) (observing that a successful challenge to a prison
2  disciplinary proceeding will not necessarily shorten the duration of
3  an inmate's confinement where the parole board could deny parole for
4  other reasons), cert. denied, 541 U.S. 1063 (2004); Calderon-Silva v.
5  Uribe, 2010 WL 5392895, *3 (C.D.Cal. Aug. 31, 2010) (dismissing a habeas
6  petition challenging a disciplinary violation, explaining that "[a]lthough
7  a disciplinary conviction may not help an inmate who is seeking release on
8  parole, it is only one of a myriad of considerations relevant to a parole
9  decision and does not inevitably affect the length of the prisoner's
10 sentence."), report and recommendation adopted, 2010 WL 5423732 (C.D.Cal.
11 Dec. 21, 2010).

12      For the foregoing reasons, as well as the reasons set forth in
13 the report, the petition for a writ of habeas corpus should be
14 dismissed without prejudice.

16 Dated: October 29, 2014

                                    Andrew J. Wistrich
                                    United States Magistrate Judge